# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL LAWRENCE HOBSON,                                                      Plaintiff,

v.                                  Civil Action No. 3:18-cv-P187-DJH

CLINTON P. TURNER *et al.*,                                                 Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael Lawrence Hobson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to go forward.

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Elizabethtown Police Department (EPD), the Greater Hardin County Narcotics Task Force, and EPD Detective Clinton P. Turner, in both his official and individual capacities.

In the "Statement of Claims" section of the complaint, Plaintiff writes as follows:

On April 26th 2017 [Defendant] Turner along with the Greater Hardin County Narcotics Task Force, and officers of the [EPD], violated my 4th Amendment rights under the United States Constitution to be free from unreasonable search and seizure. [Defendant] Turner fabricated evidence in order to obtain a search warrant for my residence. [Defendant] Turner lied on the Affidavit for search warrant by telling judge that I sold drugs to a informant on audio/video recording devices 10 months prior to April 26th 2017 which is the date that the affidavit was written. Which also would have made the information stale if it were true. [Defendant] Turner also used hearsay on the affidavit saying that on February 15th 2017 I was stopped by the Kentucky State Police and was in possession of $5000.00 in unexplained cash. I was never pulled over on this date. Also [Defendant] Turner used hearsay from an alleged informant that I sold drugs from my residence, when he never set up surveillance to see if it could have been true or not. On August 30th 2017 I had my attorney put in a motion to compel the

audio/video recordings of the controlled buy and the task force nor the Commonwealth were able to bring forth this evidence because it did not exist. Also this violation has me in prison on a illegal detention.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims against the EPD and Greater Hardin County Narcotics Task Force and the Official-Capacity Claim against Defendant Turner

The Court will first dismiss Plaintiff's claim against the EPD because it is not an entity subject to suit under § 1983. *See Mayers v. Williams*, No. 16-5409, 2017 U.S. App. LEXIS 22053, at *8 (6th Cir. Apr. 21, 2017) (holding that a police department may not be sued under § 1983) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department may not be sued under § 1983). Rather, the proper defendant is the City of Elizabethtown. *Id.*; *see also Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Similarly, Plaintiff's official-capacity claim against Defendant Turner, as an EPD detective, is actually against his employer, the City of Elizabethtown. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted).

Plaintiff's claim against the Greater Hardin County Narcotics Task Force (Task Force) is also subject to dismissal because a "task force" is not an entity subject to suit. *Mayers v. Williams*, 2017 U.S. App. LEXIS 22053 at *8. For purposes of this initial review, the Court will assume that Plaintiff's claim against the Task Force is actually against the municipalities that have joined together to form the Task Force. *Id.* ("Because . . . the task force may [not] be sued, the proper defendant[] [is] . . . the jurisdictions that have joined together to form the 20th Judicial District Task Force.").[1]

---

[1] On the other hand, even if the Court determined that the Task Force was a state agency or an arm of the state, Plaintiff's claim against the Task Force would still be subject to dismissal because, absent waiver, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject-matter

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any constitutional violation occurred as the result of a policy or custom implemented or endorsed by the City of Elizabethtown or any other municipality. Accordingly, the Court will dismiss Plaintiff's claims against the EPD and the Task Force and Plaintiff's official-capacity claim against Defendant Turner for failure to state a claim upon which relief may be granted.

---

jurisdiction over a suit for money damages brought directly against a state or its agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. at 169. And Kentucky has not waived its immunity to § 1983 claims. *See Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Additionally, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

## B. Individual-Capacity Claim

Plaintiff also brings an individual-capacity claim against Defendant Turner for the violation of his Fourth Amendment rights. In *Heck v. Humphrey*, the Supreme Court barred actions for damages where a favorable judgment would necessarily impugn the validity of an outstanding criminal conviction. 512 U.S. 477, 487 (1994). However, in a "well-known footnote, the *Heck* Court [also] observed that even if successful, some Fourth Amendment claims brought under § 1983 'would not necessarily imply that the plaintiff's conviction was unlawful' due to doctrines like independent source, inevitable discovery, and harmless error." *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (citing *Heck v. Humphrey*, 512 U.S. at 487 n.7).

In light of this footnote and subsequent jurisprudence, the Court will allow Plaintiff's individual-capacity claim against Defendant Turner for the alleged violation of his Fourth Amendment rights to proceed at this time. In so doing, the Court passes no judgment on the merits or ultimate outcome of this claim.[2]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the EPD and the Task Force and Plaintiff's official-capacity claim against Defendant Turner are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[2] Although Plaintiff does not explicitly request injunctive relief, Plaintiff states that "this violation has me in prison on a illegal detention." However, relief in the form of release from custody is unavailable in a § 1983 action. *Heck v. Humphrey*, 512 U.S.at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983"). Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**The Clerk of Court is DIRECTED to terminate Defendants Elizabethtown Police Department and the Greater Hardin County Narcotics Task Force as parties to this action.**

The Court will enter an Order Directing Service and Scheduling Order concerning the Fourth Amendment claim(s) the Court has allowed to proceed against Defendant Turner in his individual capacity.

Date: May 14, 2018

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
   Defendants
   Elizabethtown City Attorney
4415.011