UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL LAWRENCE HOBSON,                                              Plaintiff,

v.                                                        Civil Action No. 3:18-cv-P187-DJH

CLINTON P. TURNER,                                                   Defendant.

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment filed by Defendant Detective Clinton P. Turner (Docket No. 48) and a motion to dismiss filed by *pro se* Plaintiff Michael Lawrence Hobson (DN 66). Fully briefed, this matter is ripe for adjudication. For the following reasons, these motions will be granted.

**I.**

*Pro se* Plaintiff Michael Lawrence Hobson initiated this 42 U.S.C. § 1983 prisoner civil rights action by filing a complaint signed under penalty of perjury. The Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against the other Defendants but allowed Fourth Amendment individual-capacity claims to proceed against Defendant Turner.[1]

The following facts are undisputed. On April 26, 2017, Defendant Turner submitted an affidavit for a search warrant to a judge. Based upon the information contained in the affidavit, the judge issued a search warrant for Plaintiff's residence. Upon searching Plaintiff's residence, officers found drugs and drug-related materials. Defendant Turner then issued an arrest citation

---

[1] In his motion for summary judgment, Defendant Turner addresses claims for false arrest, false imprisonment, and the fabrication of evidence. Defendant Turner does not specifically address a claim based upon the allegedly unlawful search of Plaintiff's home.

for Plaintiff, who was already in custody for a separate incident. On April 28, 2017, a grand jury indicted Plaintiff on eight drug-related counts. On September 12, 2017, Plaintiff pled guilty to seven of the eight charges and was sentenced to 25 years of imprisonment. In the complaint, Plaintiff claims that Defendant Turner fabricated the information contained in the affidavit to obtain a search warrant for Plaintiff's home which eventually led to Plaintiff's unlawful arrest, conviction, and sentence.

In his motion for summary judgment, Defendant Turner argues that judgment should be granted in his favor because 1) the evidence shows that probable cause existed to search Plaintiff's home and then to issue an arrest citation for him; 2) the *Heck* doctrine bars Plaintiff's claims; 3) qualified immunity bars Plaintiff's claims; and 4) Plaintiff's claims are too vague and unspecific to satisfy the pleading standard.

In response to Defendant Turner's motion for summary judgment, Plaintiff filed a motion to dismiss this action pursuant to *Heck* pending the reversal of his conviction in post-conviction proceedings.[2] He argues that under *Heck* the Court does not have jurisdiction to consider the merits of the case at this time. In his motion, Plaintiff also emphasizes that any dismissal under *Heck* must be without prejudice.

In reply, Defendant Turner reiterates that, for the reasons set forth it his motion, he desires a final and complete dismissal of all claims with prejudice.

---

[2] Plaintiff previously filed a motion to stay this action pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), pending the resolution of any state-court post-conviction proceedings (DN 44). In the motion, Plaintiff argued that he planned to seek post-conviction relief pursuant to RCr 11.42 and that he would "not be able to complete discovery before the outcome of his post conviction motion in the state courts." Upon consideration, the Magistrate Judge recommended that motion be denied because Plaintiff's criminal case had ended, because he had certified that his production of all relevant materials was complete, and because it was not clear whether Plaintiff would actually file for post-conviction relief (DN 59). The Magistrate Judge concluded that granting an indefinite stay in this action "until [Plaintiff]'s speculative post-conviction proceedings are concluded" would be unfairly prejudicial to Defendant Turner. *Id*. On September 30, 2019, the Court adopted the Magistrate Judge's Findings of Fact and Recommendation in full and denied the motion to stay (DN 60).

## II.

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

However, the fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App.

LEXIS 27051, at *7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

## III.

As indicated in their motions, both parties agree that this action is subject to dismissal because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] In *Heck*, the Supreme Court held,

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). *Heck* and its progeny "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief) . . . "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

---

[3] For this reason, and the Court agreeing with *Heck*'s application to this case, the Court will not address the other arguments for dismissal set forth in Defendant Turner's motion for summary judgment.

4

Here, neither party disputes that a favorable ruling on Plaintiff's claim that his home was searched without probable cause and that he was subsequently falsely arrested and imprisoned due to Defendant Turner's fabrication of evidence would necessarily imply the invalidity of Plaintiff's conviction and sentence. Indeed, Defendant Turner specifically states that a finding that he "violated the Constitution by arresting/charging [Plaintiff] would necessarily imply the invalidity of his continued confinement – the two are inextricably interwined." (DN 48-1, Def.'s Br., p. 15). The Court accepts the parties' arguments and concludes that Plaintiff's complaint is barred by *Heck*. *See, e.g.*, *Davis v. Cleveland Police Officers*, No. 17-3002, 2018 U.S. App. LEXIS 2269, at *4 (6th Cir. Jan. 29, 2018) (affirming district court's dismissal under *Heck* of plaintiff's claim that a police officer made false statements that led to his arrest because a finding in plaintiff's favor would imply that his convictions were invalid); *Bell v. Biven*, No. 2:12-cv-15077, 2019 U.S. Dist. LEXIS 69341, at *12-14 (E.D. Mich. Apr. 23, 2019) (denying a plaintiff's motion to reopen his stayed/administratively closed 42 U.S.C. § 1983 action for false arrest as futile under *Heck* because his conviction had not been overturned on appeal, his petition for a writ of a habeas corpus was not currently successful, and his conviction has not otherwise been terminated in his favor), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 86539 (E.D. Mich. May 23, 2019), *aff'd*, No. 19-1649, 2020 U.S. Dist. App. LEXIS 1256 (6th Cir. Jan. 14, 2020) (affirming the district court's *Heck* ruling and remanding for an order dismissing the action); *Smith v. City of Lorain*, No. 1:16-cv-2248, 2018 U.S. Dist. LEXIS 115358, at *16-17 (N.D. Ohio July 11, 2018) (granting summary judgment to defendants on plaintiff's "false/wrongful arrest/imprisonment claims" because barred by *Heck)*; *Robinson v. Donovan*, No. 4:13-cv-14752, 2015 U.S. Dist. LEXIS 98129, at *10 (E.D. Mich. Mar. 24, 2015) ("Since Robinson does not assert—and, indeed, there is no evidence—that his conviction has been reversed by the Michigan state courts, called into question by a federal writ of habeas

corpus, or otherwise terminated in his favor, the *Heck* doctrine bars this Court from considering his wrongful detention and false arrest claims."), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 97357 (E.D. Mich. July 27, 2015), *aff'd*, No. 15-2026 (6th Cir. Apr. 7, 2016); *but see Graves v. Mahoning*, 534 F. App'x 399, 405 (6th Cir. 2013) (holding *Heck* does not bar unlawful arrest claims where no evidence was uncovered during arrests upon which the plaintiffs' convictions were based and that therefore a finding that plaintiffs' arrests violated the Fourth Amendment would not necessarily invalidate their convictions).

When courts dismiss claims under *Heck*, they generally must do so without prejudice. *See Heck*, 512 U.S. at 479; *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999); *see also Wheeler v. Dayton Police Dep't*, 807 F.3d 764 (6th Cir. 2015). Thus, despite Defendant Turner's request to the contrary, the Court will dismiss this action without prejudice.

**IV.**

For the foregoing reasons**, IT IS HEREBY ORDERED** that Defendant Turner's motion for summary judgment (DN 48) and Plaintiff's motion to dismiss (DN 66) are **GRANTED**. The Court will enter a separate Order dismissing this action **without prejudice to refiling if Plaintiff's conviction is invalidated.**

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4415.011